UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEANNINE MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24 CV 377 CDP |
| | ) | |
| WELLS FARGO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Jeannine Mitchell filed this action in Missouri state court on February 9, 2024, alleging that her employer, defendant Wells Fargo Company, terminated her employment in October 2023 in retaliation for reporting unlawful practice that deprived Wells Fargo clients accumulated interest in their accounts. She brings this action under Missouri's Whistleblower Protection Act, Mo. Rev. Stat. § 285.575.  Invoking diversity jurisdiction under 28 U.S.C. § 1332(a), Wells Fargo removed the action to this Court on March 13, 2024, and promptly moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Mitchell moved to remand the case to state court.  For the reasons that follow, I will deny Mitchell's motion to remand because, even with her mitigation of damages, she cannot establish to a legal certainty that her claim is less than the $75,000 jurisdictional threshold.  I will hold Wells Fargo's motion to dismiss in

abeyance, however, and permit Mitchell to properly seek leave to amend her complaint.

## Motion to Remand

A civil action brought in state court may be removed to the proper federal district court if the district court has original jurisdiction over the action.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction over diversity actions where plaintiffs and defendants are citizens of different states and the amount in controversy is greater than $75,000.  28 U.S.C. § 1332(a).[1]  A party removing a diversity action to federal court must prove the amount in controversy by a preponderance of the evidence.  *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).  Under that standard, "the jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are[.]"  *Id.* at 959 (internal quotation marks and citation omitted) (alteration and emphasis in *Bell*).  Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is appropriate only if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount.  *Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020).

In her petition here, Mitchell seeks reinstatement to her position at Wells

---

[1] There is no dispute that the parties here are diverse.

Fargo with backpay, benefits, costs, and attorney's fees as provided by the WPA. She does not allege that she suffered any physical or mental injury and thus does not seek reimbursement of medical bills. Nor does she allege that Wells Fargo's conduct was outrageous because of evil motive or reckless indifference and thus does not seek liquidated damages. *See* Mo. Rev. Stat. § 285.575.7 (remedies available). I therefore do not consider Wells Fargo's assertion that medical bills and liquidated damages must be included in calculating the amount in controversy here.

Wells Fargo also argues, however, that Mitchell's claim for backpay meets the jurisdictional threshold when calculating lost wages from the date of termination to the anticipated date of trial, which Wells Fargo contends is a period of at least 27 months.[2] With Mitchell's annual salary of $66,352 at the time of termination, Wells Fargo argues that a potential backpay award for that 27-month period would well exceed $75,000. While such extrapolation is permitted in calculating the amount in controversy, *see Fenlon v. Burch*, No. 4:15-CV-00185 (JCH), 2015 WL 928558, at *3 (E.D. Mo. Mar. 4, 2015), I may also consider a plaintiff's mitigation of damages that would reduce recovery. *Id.* at *4; *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 396 (8th Cir. 2011). In seeking remand here,

---

[2] Citing Federal Judicial Caseload Statistics, Wells Fargo contends that 27.3 months represents the median time between filing and disposition at trial for a case in this district. (*See* ECF 1, Notice of Removal at ¶ 17.)

Mitchell avers that she obtained full-time employment in a similar field beginning May 6, 2024, with an annual salary of $50,003.20, thereby limiting her potential backpay to an amount significantly less than the 27-month extrapolation of her Wells Fargo salary.  Even so, when I consider the potential recovery of attorney's fees as permitted under the WPA, I cannot say that Mitchell has established to a legal certainty that her claim does not exceed $75,000.

Mitchell's mitigating employment began in May 2024 – seven months after her termination – which means that potential backpay for that seven-month period amounts to about $38,700.  Her new salary of $50,003.20 is $16,348.80 less per year than her Wells Fargo salary, or $1362.40 less per month.  Considering that lesser monthly amount for the 20 months that remain in Wells Fargo's proffered 27-month gap, Mitchell's potential backpay award for that 20-month period is about $27,200, which, when adding in the $38,700 already accrued, would amount to a total backpay award of more than $65,000.  A review of my trial docket, however, shows that cases assigned to me are set for trial on average 18 months after they are filed here, not 27 months as Wells Fargo suggests.  Nevertheless, even with an 18-month trial setting – which in this case would be 16 months from May 2024 – Mitchell's potential backpay award for that 16-month period is about $21,800, which, with the $38,700 already accrued, would amount to a total backpay award of about $60,500.

Neither $65,000 nor $60,500 in backpay meets the jurisdictional threshold required for diversity jurisdiction. But Mitchell also seeks attorney's fees as provided by the WPA, *see* Mo. Rev. Stat. § 285.575.8, and statutory attorney's fees are considered in determining the amount in controversy. *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017). While I agree with Mitchell that the attorney's fee awards of more than $200,000 and $300,000 in the cases cited by Wells Fargo involved circumstances not present here and that any potential award nearing that amount is unlikely in this case, an attorney's fee award of $15,000 or more is not outside the realm of possibility.

Accordingly, when I consider Mitchell's potential backpay award with a potential reasonable attorney's fee, I cannot say that Mitchell has established to a legal certainty that she cannot recover more than $75,000 on her claim. I will therefore deny Mitchell's motion to remand this case to state court.

## Motion to Dismiss

The WPA prohibits an employer from discharging an employee because that employee: (1) "reported to the proper authorities an unlawful act of his or her employer;" (2) "report[ed] to his or her employer serious misconduct of the employer that violates a clear mandate of public policy as articulated in a constitutional provision, statute, or regulation promulgated under statute;" or (3) "refused to carry out a directive issued by his or her employer that if completed

would be a violation of the law." Mo. Rev. Stat. §§ 285.575.2(4), 285.575.4.

Wells Fargo argues that Mitchell's WPA claim fails because 1) her reports of alleged wrongdoing were not made to "the proper authorities" as defined by the statute; 2) her vague allegation that Wells Fargo violated a clear mandate of public policy does not invoke any statutory, constitutional, or regulatory provision of which such alleged violation ran afoul; and, finally, 3) she does not allege that she refused to carry out the alleged unlawful program.[3]

In response to Wells Fargo's motion, Mitchell addresses the merits of Wells Fargo's arguments, but she also seeks leave to amend her complaint. Seeking leave to amend a complaint by embedding the request in a memorandum opposing a motion to dismiss is inappropriate and does not comply with the local and federal rules. *Kitchen v. Bridgeton Landfill, LLC*, No. 4:18CV672 CDP, 2024 WL 379285, at *12 (E.D. Mo. Feb. 1, 2024). I will, however, permit Mitchell to file an appropriate motion for leave to file an amended complaint in compliance with the relevant rules. In the event Mitchell does not file a motion for leave, or if a filed motion for leave is denied, I will take up and determine Wells Fargo's pending motion to dismiss. In the meantime, I will hold the motion to dismiss in abeyance.

Accordingly,

---

[3] Wells Fargo also argues that Mitchell fails to allege that she suffered any damages. But, as discussed above in relation to Mitchell's motion to remand and as Wells Fargo appears to concede in its notice of removal, Mitchell seeks damages in the form of back pay.

**IT IS HEREBY ORDERED** that plaintiff Jeannine Mitchell's Motion for Remand [13] is **DENIED**.

**IT IS FURTHER ORDERED** that within fourteen (14) days of the date of this Order, plaintiff Jeannine Mitchell may file a motion for leave to file an amended complaint.  Any memorandum in opposition and brief in reply shall be filed within the time prescribed by the local rules of this Court.

**IT IS FURTHER ORDERED** that defendant Wells Fargo Company's Motion to Dismiss (ECF 8) is **HELD IN ABEYANCE**.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 7th day of June, 2024.